UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY; ILLINOIS
UNION INSURANCE COMPANY,

    Plaintiffs,

v.                                          CASE NO: 1:20-cv-21770

SUMMERS FIRE SPRINKLERS, INC.;
and THE LATITUDE ON THE RIVER
CONDOMINIUM ASSOCIATION, INC.,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO STAY**

      WESTCHESTER SURPLUS LINES INSURANCE COMPANY and ILLINOIS UNION INSURANCE COMPANY (collectively, "Chubb") respond in opposition to the Motion to Dismiss, or Alternatively, Motion to Stay filed by SUMMERS FIRE SPRINKLERS, INC. ("Summers") (DE 10), which was adopted by THE LATITUDE ON THE RIVER CONDOMINIUM ASSOCIATION, INC. (the "Association") (DE 17), and in support state:

**INTRODUCTION**

      Chubb seeks to establish it owes no coverage for an underlying lawsuit filed by the Association against Summers. Similar declaratory judgments actions are common. Indeed, the Florida Supreme Court encouraged insurers to seek declaratory relief because it brings clarity to insurers and policyholders alike. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004).

      In its motion to dismiss, Summers raises arguments that are contrary to established precedent. For one, it is black letter law that if there is no duty to defend, there is no duty to

Page 1 of 9

indemnify. Summers' request to stay the issue of indemnity is premature until—and only if—the Court finds there is a duty to defend.

Secondly, non-party tortfeasors who may be entitled to indemnity from Summers, as well as Summers' unnamed insurers, are not "necessary" parties under Rule 19. Summers is free to sue them as interested parties, if it so chooses, and these third-parties are free to intervene. But as for Chubb, it is interested in the singular determination that it has no duty to defend or indemnify Summers under its policies. Summers' motion must be denied.

## ARGUMENT AND CITATION OF AUTHORITY

### I.     IF THERE IS NO DUTY TO DEFEND, THERE IS NO DUTY TO INDEMNIFY.

At the outset, it is important to emphasize that Summers is not arguing that Chubb's action should be stayed in its entirety. Rather, Summers argues the action should be stayed as to the duty to indemnify. Consequently, it is undisputed the duty to defend is ripe for adjudication.

While conceding the duty to defend is ripe, Summers argues the issue of indemnity should be stayed. Specifically, Summers reasons that "[g]iven that an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." (Mot. Dismiss 5 (DE 10).)

Summers' argument is not entirely complete. Sixteen years ago, Florida's Supreme Court held declaratory actions regarding coverage are proper even if issues of fact must be determined before an underlying action is over. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004). The Court explained: "We believe that declaratory judgments are and can increasingly be a valuable procedure for the resolution of insurance coverage disputes to the benefit of insurers, insureds, and claimants." *Id.* at 10. The *Higgins* court reaffirmed that the duty to defend issue should be resolved early. *Id.* at 17.

Since *Higgins*, courts within this Circuit have held that if an insurer does not owe a defense, then as a matter of law, it also does not owe indemnity. *See, e.g.*, *Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc.*, 685 F. App'x 820, 822 (11th Cir. 2017) ("Where there exists no duty to defend, an insurer has no duty to indemnify."); *Selective Ins. Co. v. William P. White Racing Stable, Inc.*, 718 Fed. App'x. 864, 869 (11th Cir. 2017) ("And since there is no duty to defend, there is no duty to indemnify.") (internal citations omitted); *E.S.Y., Inc. v. Scottsdale Ins.*, 139 F. Supp. 3d 1341, 1352 (S.D. Fla. 2015) ("[B]ecause the duty to defend is broader than the duty to indemnify, where there is no duty to defend, there is no duty to indemnify.").

Accordingly, contrary to Summers' suggestion, the Court can resolve the duty to indemnify without considering the underlying facts. By finding no duty to defend, the Court will necessarily establish no duty to indemnify. *See Lloyd's v. AXA Equitable Ins.*, 32 F. Supp. 3d 1226, 1231 (S.D. Fla. 2014) ("[T]he Court's order ... predicated on a determination that Lloyd's owed no duty to defend ... necessarily included a determination that Lloyd's owed no duty to indemnify."); *Philadelphia Indem. Ins. v. Yachtsman's Inn Condo*, 595 F.Supp.2d 1319, 1322 (S.D. Fla. 2009) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify."); *Founders Ins. v. Cortes-Garcia*, No. 8:10-CV-02286-EAK, 2012 WL 2505917, at *5 (M.D. Fla. June 28, 2012) ("[I]f a court determines there is no duty to defend, as a matter of law there cannot be a duty to indemnify.").

For this reason, Summers' argument that the duty to indemnify is not currently ripe—is premature. If the Court agrees with Chubb that there is no duty to defend, as a matter of law there is no duty to indemnify. On the other hand, if the Court finds there is a duty to defend, then Chubb agrees that the issue of indemnity *could* be stayed.

## II. SUMMERS HAS NOT MET ITS BURDEN OF ESTABLISHING THAT A SLEW OF OTHERS ARE REQUIRED PARTIES.

To prevail on a Rule 12(b)(7) motion, a party must establish that an absent party is a required party under Rule 19(a). *Molinos Valle Del Cibao. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011). "Courts are loathe to grant motions to dismiss of this type." *Microsoft Corp. v. Cietdirect.com LLC*, No. 08-60668-CIV, 2008 WL 3162535, at *5 (S.D. Fla. Aug. 5, 2008) (internal citations omitted). "Therefore, 'a 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action.'" *Id*. (internal citations omitted).

Rule 19(a) provides that a party is required if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interests; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If Rule 19(a) is satisfied, then the Court must order that party joined, if joinder is feasible. *Lama*, 633 F.3d at 1347. If joinder is not feasible, the Court applies a four-part test to determine whether the action should be dismissed under Rule 19(b). *Id*. The movant seeking dismissal under Rule 19(b) "bears the burden of demonstrating by evidence that the absent party is 'required' according to Rule 19(a)." *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1266 (M.D. Fla. 2014) (citing *Lama*, 633 F.3d at 1347)).

### 1. MRP and Suffolk are not required parties under Rule 19(a)(A).

The sole issue in this case is whether Chubb owes Summers coverage against the underlying action. MRP and Suffolk's absence does not impact the Court's ability to interpret the

Chubb policies and determine that singular issue. In other words, the Court is capable of affording "complete relief" between Chubb and Summers. Consequently, MRP and Suffolk are not required under Rule 19(a)(A).

### 2. MRP and Suffolk are not required parties under Rule 19(a)(B).

The mere fact that MRP and Suffolk may have an indemnity claim against Summers is insufficient to warrant joinder under Rule 19(a)(B). Indeed, courts within this Circuit have held that similar "economic interests" are insufficient. As succinctly explained by Judge Bloom:

> [W]hen the subject litigation involves a contract under which an absent party has no rights or obligations, even though the absent party may be impacted by the pending action due to a separate contract to which it is a party but that is not at issue, joinder of that absent party will not be required to determine obligations under the disputed contract.

*Raimbeault v. Accurate Machine & Tool, LLC*, 302 F.R.D. 675, 684 (S.D. Fla. 2014).

Another example is *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308 (11th Cir. 2005). An insurer sued for a declaration that it had no obligation to provide coverage for a wrongful death action. The underlying claimant moved to intervene arguing he had a direct, substantial, and legally protectable interest because if the insurer did not owe coverage then he would not have "[a] pool or fund from which to recover his damages." *Id.* at 1311.

Denying intervention, the Eleventh Circuit explained the claimant had an economic interest, but that "a legally protectable interest 'is something more than an economic interest.'" *Id.* (quoting *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 710 (11th Cir. 1991)). The Court also stated the claimant's interest was speculative because it was contingent on the claimant prevailing in the underlying wrongful death action against the insured. *Sandy Lake Properties, Inc.*, 425 F.3d at 1311. *See also Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 222 (3d Cir. 2005) ("Appellants here have no property interest in the Liberty Mutual

UEL policies nor do they have any other legally protectable interest in the policies. Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right.").

Consequently, the mere fact that MRP and Suffolk may be entitled to indemnity from Summers does not create a sufficient interest to deem them required under Rule 19(a)(B).

> a. Even if MRP and Suffolk were required parties under Rule 19(a)(B), the requirements of Rule 19(a)(B)(i)-(ii) are not met.

MRP and Suffolk's absence from this action will not impair or impede their ability to obtain relief against Summers. In fact, as noted in Summers' motion, MRP and Suffolk have *already* filed crossclaims against Summers in the underlying action. (Mot. Dismiss 2, ¶5 (DE 10).) Consequently, not only are they capable, but they are already pursuing their claim for relief against Summers.

Additionally, MRP and Suffolk's absence will not subject Summers to "double, multiple, or otherwise inconsistent obligations." The lack of coverage for the underlying action means that Summers will have to pay its own defense, and ultimately satisfy any judgment or settlement with the Association. That determination is separate and apart from any liability owed to MRP and Suffolk for breach of an indemnity agreement. *See Mandel v. Howard*, No. 11-23620, 2012 WL 1069182, *4 (S.D. Fla. Mar. 29, 2012) ("The fact that the Defendants may be liable in a hypothetical future action for indemnification is not enough to make the Mexican companies and individuals necessary to this suit."). *See also Brown v. Reed Elsevier, Inc.*, No. 08-81574, 2009 WL 3064751 (S.D. Fla. Sept. 22, 2009) (denying 12(b)(7) motion because respondent failed to establish that the absence of its subsidiary in the arbitration would impair or impede subsidiary's interests, or produce inconsistent obligations or re-litigation of issues).

Summers' failure to prove "by evidence" that MRP and Suffolk are required parties under 19(a) ends the Court's inquiry. *See, e.g., Clay*, 2014 WL 6469422 at *8 (forgoing analysis under Rule 19(b) after determining that joint tortfeasors were not required parties). The motion must be denied. *See, e.g., Travelers Indem. Co., et al. v. Figg Bridge Engineers Inc. et al.*, No. 18-cv- 22585, 2019 WL 422663 (S.D. Fla. Jan. 25, 2019) (denying motion to dismiss where the plaintiff insurers joined certain claimants who had sued the insureds, and sought only a declaration as to the duty to defend against those claims, because the action would have no preclusive effect on claims that might be asserted by other claimants in other suits.); *Colony Ins. Co. v. Robles*, Case No. 08-61856-CIV, 2009 WL 10667577, *3 (S.D. Fla. Apr. 17, 2009) (denying motion to dismiss on the basis insurer failed to join the injured party as indispensable under Rule 19, as the action was "not concerned with whether [insured was] liable for assault and battery against [the injured party]," but rather was "concerned only with whether coverage exists as to the claims of the underlying lawsuit.").[1]

### 3. The unidentified insurers are not required parties under Rule 19(a).

Summers argues "other insurers that potentially provide coverage for the claims asserted against Summers by the Association" should be named. (Mot. Dismiss 12 (DE 10).) The Court and Chubb were not provided names, much less reason to hail them into this litigation. Summers does not attach copies of the other policies for Chubb—or for the Court—to understand what that insurer might possibly have to do with Chubb's duty to defend or indemnify Summers.

---

[1] Assuming for the sake of argument that MRP and Suffolk are required parties, they could be joined without destroying diversity jurisdiction. Specifically, Suffolk is a Florida corporation, with its principal place of business in Boston, Massachusetts. MRP is a limited liability company organized under the laws of Florida, and upon information and belief, all of its members are Florida citizens. Accordingly, dismissal under Rule 19(b) would be inappropriate. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (holding that the non-party was required under Rule 19(a), but since it could be joined as a party "the standard for dismissal under Rule 19(b) [was] unmet").

The only case Summers cites is a decision by a Colorado district court, and almost thirty-years ago. Further, that case is easily distinguishable. There, the court held a primary insurer was a necessary party to a suit against an excess insurer because the excess insurer's liability was "dependent on the determination whether the primary insurers' policies … provide coverage." *City of Littleton, Colo. v. Commercial Union Assur. Companies*, 133 F.R.D. 159, 163 (D. Colo. 1990).

Summers has not met its burden of establishing its other insurers are indispensable. *See, e.g., King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2009 WL 10668628, at *3 (S.D. Fla. July 1, 2009) (insurer was not an indispensable party to a coverage action between another insurer and their mutual insured because "any declaration as to Plaintiff's rights or a finding on the breach of contract claims does not impact the interest of [the second insurer] as a separate or additional insurer"). *See also Montpelier US Ins. v. Portofino of St. Augustine*, LLC, No. 3:18-CV-1530-J-32JRK, 2019 WL 3831633, at *3 (M.D. Fla. Aug. 15, 2019) (denying a motion to dismiss for failing to join the insurers of subcontractors who were actually parties to the lawsuit because the subcontractors' liability stemmed from their obligation to indemnify a general contractor under a subcontract, "not the subcontractors' contracts with their insurer"). Summers' motion must accordingly be denied.

## CONCLUSION

For all the reasons explained above, Summers' motion is due to be denied.

Respectfully submitted,

/s/JUNAID N. SAVANI
**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**JUNAID N. SAVANI**
Florida Bar No. 88816
junaid.savani@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646

### CERTIFICATE OF SERVICE

I CERTIFY that on August 27, 2020, this document was filed via the CM/ECF system.

I further certify I am unaware of any non-CM/ECF participants.

/s/JUNAID N. SAVANI
JUNAID N. SAVANI