UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHUBB SURPLUS LINES
INSURANCE COMPANY; ILLINOIS
UNION INSURANCE COMPANY,

    Plaintiffs,

v.                                              Case No.: 1:20-cv-21770-XXXX

SUMMERS FIRE SPRINKLERS, INC.;
LATITUDE ON THE RIVER
CONDOMINIUM ASSOCIATION, INC.

    Defendants.
_____/

**DEFENDANT, SUMMERS FIRE SPRINKLERS, INC,'S**
**REPLY TO WESTCHESTER'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO STAY AND**
**INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, SUMMERS FIRE SPRINKLERS, INC. ("Summers"), by and through its undersigned counsel, and hereby files this Reply to Plaintiffs', WESTCHESTER SURPLUS LINES INSURANCE COMPANY and ILLINOIS UNION INSURANCE COMPANY's hereinafter individually referred to as "WSLIC" or "ILU" and collectively referred to as ("Chubb"), Response In Opposition to Defendant, Summers's Motion to Dismiss, or Alternatively, Motion to Stay, and in support thereof, would state as follows:

After reviewing Chubb's Response, it is apparent that the parties may be in agreement concerning how this case should be adjudicated. The entire purpose of Summers' Motion to Dismiss or Stay was to make clear that factual issues should be not determined in the coverage action while there is an underlying liability action pending. In response, Chubb did not argue that the Court should decide either the duty to defend or duty to indemnify based on factual

1

issues. Rather, Chubb argued that the duty to indemnify can be resolved "without considering the underlying facts" because if there is no duty to defend, there is no duty to indemnify. (Chubb's Resp., p. 3 (DE 22)).  Summers agrees, with the caveat that this Court's resolution of the initial determination of the duty to defend should be limited to this Court applying the "eight corners" rule, under which the duty to defend is determined solely by looking at the allegations of the underlying complaint compared to the provisions of the insurance policy.

However, this agreement does not change the fact that Chubb's Complaint does actually seek a determination of coverage related to facts outside of the four corners of the underlying complaint. For example, in Count 1, Chubb seeks a determination that there is no duty to defend or indemnify because the policy provides that property damage must occur during the policy period and that "[t]o the extent property damage occurred after the WSLIC policies lapsed, there would be no coverage under the WSLIC policies." (Chubb Comp., ¶ 45 (DE 1)). Likewise, in Count II of the Complaint, Chubb seeks a determination that there is no duty to defend or indemnify based on a policy provision which states there is no coverage if an insured knew, prior to the policy period, that property damage had occurred in whole or in part. (Chubb Comp., ¶ 48 (DE 1)). Chubb then alleges that this provision precludes the duty to defend and indemnify because, "based on the Chapter 558 Notice *and other evidence*, Summers had knowledge of damage in the condominium as early as 09/30/2011." (Chubb Comp., ¶ 51 (DE 1)) (emphasis added). Contrasting these parts of the Complaint with other allegations does make it somewhat unclear the analysis Chubb seeks to have this Court apply. For example, in Count IV, in which Chubb seeks a determination of coverage based on an exclusion for expected or intended injuries, Chub at least makes some reference to the underlying complaint's allegations by stating that "[t]he Association *alleges* the defendants "knew or should have known that certain CPVC material was incompatible with certain metallic materials, including metallic ABF and ABF II

2

pipe[.]"(Chubb Comp., ¶ 60 (DE 1)). Such a reference to the allegations of the underlying complaint as compared to requesting a consideration of coverage based on "other evidence" shows Chubb is actually seeking to have the Court make at least some determinations of coverage based on facts outside of the allegations of the underlying complaint.

Because Chubb's Complaint seeks a coverage determination based on evidence and facts outside the four corners of the Complaint, Chubb's Complaint should be dismissed or stayed as it is premature for the Court to look to facts outside of the allegations of the underlying pleadings and Chubb's Complaint is not properly limited to a request for a declaration on the duty to defend.

By: /s/ Amanda K. Anderson
Mark A. Boyle, FBN: 005886
Amanda K. Anderson, FBN: 0091297
Boyle, Leonard & Anderson, P.A.
2050 McGregor Blvd.
Fort Myers, FL 33901
Telephone: (239) 337-1303
Facsimile: (239) 337-7674
Primary:  EService@Insurance-Counsel.com
Secondary #1:  MBoyle@Insurance-Counsel.com
Secondary #2:  AAnderson@Insurance-Counsel.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 10, 2020, pursuant to Fla. R. Jud. Admin. 2.516, a true and correct copy of the foregoing has been furnished to all parties of record via Florida Courts e-portal.

By: /s/ Amanda K. Anderson
Mark A. Boyle, FBN: 005886
Amanda K. Anderson, FBN: 0091297
2050 McGregor Blvd.
Fort Myers, FL 33901
Telephone: (239) 337-1303
Facsimile: (239) 337-7674

3

Primary: EService@Insurance-Counsel.com
Secondary #1: MBoyle@Insurance-Counsel.com
Secondary #2: AAnderson@Insurance-Counsel.com

## SERVICE LIST

| | |
|---|---|
| Sina Bahadoran, Esquire<br>Junaid N. Savani, Esquire<br>**Clyde & Co US LLP**<br>1221 Brickell Avenue, Suite 1600<br>Miami, FL 33131<br>(305)446-2646<br>Sina.bahadoran@clydeco.us<br>Junaid.savani@clydeco.us<br>Counsel for Plaintiff | |