UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21770-Civ-WILLIAMS/TORRES

WESTCHESTER SURPLUS LINES INSURANCE COMPANY, *et al*,

    Plaintiffs,

v.

SUMMERS FIRE SPRINKLERS, INC., *et al*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTIONS TO DISMISS, OR ALTERNATIEVELY, MOTIONS TO STAY**

    This matter is before the Court on Defendant Summers Fire Sprinklers, Inc.'s ("Summers") motion to dismiss, or alternatively, motion to stay [D.E. 10] Westchester Surplus Lines Insurance Company's and Illinois Union Insurance Company's (collectively, "Plaintiffs") complaint for declaratory relief [D.E. 1]. Defendant Latitude on the River Condominium Association, Inc. (the "Association," and collectively with Summers, "Defendants") has adopted and incorporated Summers' motion in its own motion [D.E. 17]. Plaintiffs responded to Defendants' motions on August 27, 2020 [D.E. 22] to which Defendants replied on September 10, 2020 [D.E. 27, 28]. The matter is now fully briefed and ripe for disposition.[1] After careful

---

[1] The Honorable Judge Kathleen M. Williams referred the motions to the undersigned Magistrate Judge on August 25, 2020. [D.E. 19].

consideration of the motions, response, replies, relevant authority, and for the reasons discussed below, Defendants' motions should be **DENIED**.

## I. FACTUAL BACKGROUND

This action arises from property damage that occurred in 2011 at the Association's luxury condominium building located in Miami, Florida. The cause of the damage was allegedly from water leaking from CPVC piping. In July 2016, the Association filed a construction defect lawsuit that is pending in the Circuit Court of the Eleventh Judicial Circuit against numerous parties involved in the construction of the building, including Summers (the "Underlying Action"). According to the Underlying Action, some of the defects resulted from Summers improperly providing and installing a fire protection system in the building. The Underlying Action thus contains counts against Summers for (1) breach of § 718.203(2), Florida Statutes, by constructing the condominium with ABF and CPVC products that are incompatible with one another, which caused the CPVC components to leak and fail, (2) negligence, and (3) failure to comply with local, state, and national building codes and regulations. Miami Riverfront Partners, LLC ("MRP"), the developer of the building, and Suffolk Construction Company, Inc. ("Suffolk"), the general contractor that hired Summers, have brought cross-claims against Summers for indemnity related to any liability that may be imposed on them for Summers' actions.

Plaintiffs have issued several primary commercial general liability policies to Summers and are currently defending Summers in the Underlying Action. But, Plaintiffs contend that there is no coverage under the policies because, among other

reasons, there is no coverage for "property damage" that occurs outside the policy periods, and Summers had prior knowledge of "property damage" before some of the policy periods. Plaintiffs therefore initiated this action that brings five causes of action. [D.E. 1]. In sum, the action seeks declaratory relief under 28 U.S.C. § 2201 for a determination that there is no coverage under the commercial general liability policies. *Id.* Summers has moved to dismiss the action, or alternatively, moved to stay the Court's determination on coverage. [D.E. 10]. The Association followed suit and filed its own motion that adopts and incorporates the same arguments as Summers' motion. [D.E. 17].

## II. LEGAL STANDARD

In ruling on a defendant's motion to dismiss, a court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiff[ ]." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [a plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d

1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (alteration in original). Factual content gives a claim facial plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [a plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. ANALYSIS

Defendants first argue that Plaintiffs' complaint should be dismissed because it references external evidence outside the complaint. Alternatively, if we allow the action to proceed, Defendants seek to join all necessary parties, specifically MRP, Suffolk, and unidentified insurers. Defendants originally made ripeness arguments regarding the duty to indemnify, but in their response and replies the parties narrowed the issue down to first determining if Plaintiffs have a duty to defend. The parties thus now agree that the Court could determine if Plaintiffs have a duty to defend before the Underlying Action is resolved. And if the Court finds that they

4

have no duty to defend, Plaintiffs shall obviously have no duty to indemnify. Alternatively, if the Court finds that they have a duty to defend, Plaintiffs can renew their motion seeking a declaration that they have no duty to indemnify. Defendants, however, raise a new argument in their reply – because the complaint references evidence outside its parameters, which would require fact discovery, Plaintiffs' complaint must be dismissed. Before we consider the merits of this argument, we consider the general principles governing the duty to defend and the duty to indemnify under Florida law. These principles are necessary, as they support the parties' agreement that a determination on Plaintiffs' duty to defend can be made before the Underlying Action is resolved and will inform the analysis on Defendants' new argument.

### A.     *The Duty to Defend*

Under Florida law, an insurer's duty to defend is triggered if the allegations of a complaint brought against the insured fall within the scope of the insurer's duty. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 9-10 (Fla. 2004) (citations omitted). A court looks no further than to the terms of the insurance policy and the allegations of the underlying complaint brought against the insured to determine if the duty to defend is triggered. *See id.* "If the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit." *MJCM, Inc. v. Hartford Cas. Ins. Co.*, 2010 WL 1949585, at *4 (M.D. Fla. May 14, 2010) (citing *Battisti v. Continental Cas. Co.*, 406 F.2d 1318, 1321 (5th Cir. 1969)); *see also Grissom v. Commercial Union Ins. Co.,* 610 So. 2d 1299, 1307

5

(Fla. 1st DCA 1992) ("All doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured. So long as the complaint alleges facts that create potential coverage under the policy, the insurer must defend the suit."). To put it simply, the duty to defend "depends solely on the allegations in the complaint filed against the insured." *Trizec Props., Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811 (11th Cir. 1985) (citing *Tropical Park, Inc. v. United States Fidelity and Guaranty Co.,* 357 So. 2d 253, 256 (Fla. 3d DCA 1978); *Coblentz v. American Surety Co.,* 416 F.2d 1059, 1062 (5th Cir. 1969)).

As with any other insurance policy, "[d]oubts as to whether a duty to defend exists are resolved in favor of the insured, and exclusionary clauses in insurance contracts are to be construed liberally in favor of the insured." *MJCM*, 2010 WL 1949585, at *5 (citing *Trizec*, 767 F.2d at 812). This means that "an insurer must defend a lawsuit against its insured if the underlying complaint, when fairly read, alleges facts which create potential coverage under [the] policy." *McCreary v. Fla. Res. Prop. & Cas. Joint Underwriting Ass'n,* 758 So. 2d 692, 695 (Fla. 4th DCA 1999) (citing *Fun Spree Vacations, Inc. v. Orion Ins. Co.,* 659 So. 2d 419, 421 (Fla. 3d DCA 1995)); see also *Essex Ins. Co. v. Big Top of Tampa, Inc.,* 53 So. 3d 1220, 1223 (Fla. 2d DCA 2011) ("A liability insurer has no duty to defend a suit where the complaint on its face alleges facts which fail to bring the case within the coverage of the policy." (citing *Auto–Owners Ins. Co. v. Marvin Dev. Corp.,* 805 So. 2d 888, 891 (Fla. 2d DCA 2001)). However, "[w]here the complaint's allegations show either that a policy exclusion applies or that no coverage exists, no duty to defend arises." *Kenneth Cole*

6

*Prods., Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1331, 1334 (S.D. Fla. 2010) (citing *Federal Ins. v. Applestein,* 377 So. 2d 229, 232 (Fla. 3d DCA 1979)).

### B. *The Duty to Indemnify*

"An insurer's duty to indemnify is narrower than its duty to defend and must be determined by analyzing the policy coverages in light of the actual facts in the underlying case." *Sinni v. Scottsdale Ins. Co.*, 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2010) (citing *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1077 n.3 (Fla. 1998); *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). That is, in contrast to the duty to defend, the duty to indemnify is dependent upon the entry of a final judgment, a settlement, or a final resolution of the underlying claims by some other means. *See Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (citing *Travelers Ins. Co. v. Waltham Indus. Lab. Corp.*, 883 F.2d 1092, 1099 (1st Cir. 1989); *Beaudette, Inc. v. Sentry Ins.*, 94 F. Supp. 2d 77, 100 (D. Mass. 1999)). Unless the insured can demonstrate that it suffered a covered loss under the policy, the insurer has no duty to indemnify. *See Northland Cas. Co.*, 160 F. Supp. 2d at 1360 (citing *Matter of Celotex Corp.*, 152 B.R. 661, 666 (Bankr. M.D. Fla. 1993)). "[W]hereas the duty to defend is measured by the allegations of the underlying complaint, the duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement." *Northland Cas. Co.*, 160 F. Supp. 2d at 1360 (citation and quotation marks omitted).

An insurer's duty to indemnify is therefore dependent on the outcome of a case, meaning any declaration as to the duty to indemnify is premature unless there has

7

been a resolution of the underlying claim. "The only exception to this general rule is if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." *Id.* (citing *Sphere Drake, P.L.C. v. 101 Variety, Inc.*, 35 F. Supp. 2d 421, 430-31 (E.D. Pa. 1999)). "In such a situation, the court could adequately assess the duty to indemnify prior to a conclusion on the merits of the underlying litigation." *Id.*

Given that the duty to defend is broader than the duty to indemnify, *Tropical Park, Inc.*, 357 So. 2d at 256, an insurer has no duty to indemnify if there is no duty to defend. *See Clarendon Nat'l Ins. Co. v. Vickers*, 2006 WL 8434796, at *3 (S.D. Fla. May 25, 2006) (collecting cases). Stated differently, "'a court's determination that the insurer has no duty to defend *requires* a finding that there is no duty to indemnify.'" *Mt. Hawley Ins. Co. v. Miami River Pt. Terminal, LLC*, 228 F. Supp. 3d 1313, 1326 (S.D. Fla. 2017) (emphasis in original) (quoting *Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011)). With these principles in mind, we turn to the merits.

Here, Defendants argue that the complaint must be dismissed because the Court would have to make factual findings outside the four corners of the complaint, which is improper while the Underlying Action is pending. This is because Plaintiffs make a reference to "other evidence" in the complaint, so the Court would need to conduct its own fact finding to determine if Plaintiffs' have a duty to defend. Defendants cite to no law to support this argument.

8

It is true that the duty to defend "depends solely on the allegations in the complaint filed against the insured." *Trizec*, 767 F.2d at 811. The complaint, however, only needs to allege facts that create potential coverage under the policies. *See McCreary*, 758 So. 2d at 695. Critically, Defendants do not argue that the facts alleged in the four corners of the complaint fail to establish that there may be a duty to defend. The Court can thus simply limit its review to the facts alleged in the complaint to make its determination and ignore any extrinsic facts. There is no reason to dismiss a complaint solely because it may contain too many allegations. *See Grissom,* 610 So. 2d at 1307 ("So long as the complaint alleges facts that create potential coverage under the policy, the insurer must defend the suit."). We next address Defendants' argument that Plaintiffs must join all necessary parties.

C. *Rule 19(a) Parties*

Rule 12(b)(7) provides that a complaint should be dismissed upon a plaintiff's "failure to join a party under Rule 19." Rule 19 sets forth a two-step analysis in deciding whether to dismiss an action for failure to join an absent party. *See Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). First, a court must determine whether an absent party is required in the case under Rule 19(a). *See id.* A party is required if "in [the] person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see also Combe v. Flocar Inv. Group Corp.*, 977 F. Supp. 2d 1301, 1305 (S.D. Fla. 2013) (finding that additional parties that may have some liability in the action are not required to be joined if the court can still provide complete relief). A party is also required if the party has an

interest in the action and resolution of the action may either "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B). This question has been commonly analyzed as whether the non-joined party is "necessary." Second, for all such necessary parties, a court determines whether the Rule 19(b) factors permit the litigation to continue if the party cannot be joined, or instead whether they are indispensable. *Focus on the Family v. Pinellas Suncoast Transit Case*, 344 F.3d 1263, 1280 (11th Cir. 2003). The burden is on the moving party to establish that an absent party is required to be joined to an action. *See West Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995).

Defendants in this case first argue that both MRP and Suffolk are indispensable parties because, if they are not included as parties in this action, Plaintiffs potential judgment against Defendants would not be binding on them. Thus, according to Defendants, Plaintiffs' failure to name MRP and Suffolk leaves open any claims they may possess as to the issue of coverage. We disagree. This action centers around a determination if Plaintiffs must defend and indemnify Summers for its actions. Regardless of this determination, Summers' potential liability to MRP or Suffolk would remain unchanged. *See Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (denying intervention under similar circumstances because the claimant only had an economic interest and that "a legally protectable interest 'is something more than an economic

10

interest.'"); *see also Raimbeault v. Accurate Machine & Tool, LLC*, 302 F.R.D. 675, 684 (S.D. Fla. 2014) ("[W]hen the subject litigation involves a contract under which an absent party has no rights or obligations, even though the absent party may be impacted by the pending action due to a separate contract to which it is a party but that is not at issue, joinder of that absent party will not be required to determine obligations under the disputed contract."). In other words, we can afford "complete relief" between Plaintiffs and Summers. *See Combe*, 977 F. Supp. 2d at 1305. As a result, MRP and Suffolk are not necessary under Rule 19(a)(A).

Defendants also argue that "Summers has other insurers that potentially provide coverage for the claims asserted against Summers by the Association." [D.E. 10]. Defendants fail to identify these mystery insurers nor reference or provide copies of the policies. Given that the burden is on Defendants to establish that an absent party is required to be joined to an action, we find no compelling reason why these unnamed insurers are necessary for this action. *See West Peninsular*, 41 F.3d at 1492. Moreover, Defendants cite to one non-binding decision to support their argument, which holds that a primary insurer is a necessary party in a suit against an excess insurer. *See City of Littleton, Colo. v. Com. Union Assur. Cos.*, 133 F.R.D. 159, 166 (D. Colo. 1990). This principal is not applicable here as the primary insurer is already a party. Accordingly, Defendants have failed to establish the other insurers are necessary. *See, e.g., King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2009 WL 10668628, at *3 (S.D. Fla. July 1, 2009) (holding that an insurer was not an indispensable party because "any declaration as to Plaintiff's rights or a finding on

the breach of contract claims does not impact the interest of [the second insurer] as a separate or additional insurer"). Therefore, Defendants' motions should be **DENIED**.

### IV.    CONCLUSION

For the foregoing reasons, we **RECOMMEND** that Defendants' motions [D.E. 10, 17] should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Kathleen M. Williams. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 5th day of October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge